UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VANIK MOVSESYAN,<br><br>　　　　Defendant. | No.  2:15-cr-00236-GEB<br><br>RULING SUSTAINING THE UNITED STATES' OBJECTION TO THE PRESENTENCE REPORT |

The United States formally objects to the Presentence Report ("PSR"), arguing the probation officer charged with its drafting should have included a two offense level increase in paragraph 25 of the PSR under USSG § 3C1.1 for obstruction of justice emanating from Defendant Vanik Movsesyan's willful attempt to influence the testimony of a grand jury witness. Gov't's Formal Objs. to PSR, ECF No. 212. "As applied by section 3C1.1, the term 'willfully' requires that the defendant 'consciously act with the purpose of obstructing justice.'" United States v. Lofton, 905 F.2d 1315, 1316-17 (9th Cir. 1990) (quoting United States v. Stroud, 893 F.2d 504, 507 (2d Cir. 1990)). "Findings of fact related to a defendant's attempt to obstruct justice must be supported by a preponderance of the evidence, but a sentencing judge may consider hearsay testimony

1

or other evidence that would not otherwise be admissible at trial." United States v. Tidwell, 191 F.3d 976, 982 (9th Cir. 1999) (internal citations omitted). "Only when the hearsay is so inadequately supported that the factual basis for believing it is almost nil can it be argued that the evidence should not have been considered." United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir. 1988) (internal quotation marks and citation omitted).

The government argues the enhancement applies, notwithstanding the conviction for which Defendant will be sentenced, contending:

> An obstruction sentencing adjustment for Movsesyan is not . . . based upon the conduct of his conviction (i.e., conspiring to make false statements during his naturalization proceedings and to impede the USCIS investigation), but upon Movsesyan's separate and subsequent attempt to influence the testimony of a grand jury witness. Once the grand jury began to investigate the false information provided to USCIS, any attempt to influence the testimony of witnesses before the grand jury subjected Movsesyan to an obstruction adjustment. . . .
>
> . . . .
>
> . . . [E]vidence supports the conclusion that Movsesyan told Grigor to contact Bagdasaryan in an attempt to influence his testimony. Bagdasryan told FBI agents about his conversation with Grigor on December 4, 2018, only a day after it occurred. Exhibit 1. Phone records corroborate Bagdasaryan's statement to the FBI that Grigor called Bagdasaryan on December 3, 2014. See Exhibit 4 (phone records showing Grigor's phone, ending in -4494, calling Bagdasaryan's phone, ending in -0223 on December 3, 2014). In his plea agreement, Grigor averred that he made the offer to Bagdasaryan at Movsesyan's behest and that Movsesyan told Grigor to make the offer in order to influence Bagdasryan's testimony. Exhibit 3 at 2. . . . The Court

2

> may consider such hearsay evidence in sentencing. United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir. 1988). . . . The statements of Bagdasaryan and Grigor are consistent and corroborate each other, and are also corroborated by phone records. The record evidence supports the finding that Movsesyan offered to pay for a new lawyer for Bagdsaryan in order to influence Bagdasaryan to falsely tell the grand jury that Movsesyan lived at the Sacramento residence. . . .
>
> The probation officer did not apply the adjustment because there was no information clearly demonstrating that Movsesyan personally obstructed justice. ECF No. 209-1 at 2. However, Movsesyan need not personally obstruct justice; he is subject to the adjustment even if he acts indirectly through an intermediary. § 2J1.2 App. N. 4(A) (noting § 3C1.1 applies, inter alia, to "otherwise unlawfully influencing a . . . witness . . . , directly or indirectly, or attempting to do so"); United States v. Jackson, 974 F.2d 104, 106 (9th Cir. 1992) ("Where a defendant's statements can be reasonably construed as a threat, even if they are not made directly to the threatened person, the defendant has obstructed justice."). By offering to get Bagdasaryan a new attorney in an attempt to influence his testimony, Movsesyan obstructed justice, regardless of [whether] he did so personally or through Grigor.

Gov't's Formal Objs. to PSR at 3:8–4:26.

Defendant did not file a response to the United States' formal objection. Defendant filed a document titled "Formal Objections to Presentence Report," ECF No. 211, but it is in substance a sentencing memorandum. That document does contain a relevant argument; specifically, that Defendant "maintained, and maintains to this day, he never made [an offer to pay for a new attorney for Bagdasaryan's]," that he "is indigent," and that "[h]e had no money to offer to [Bagdasaryan]." Def.'s Formal Objs. to PSR at 1:26-28.

3

        Although Defendant's argument that he lacks financial ability to pay for an attorney indicates it would not make sense for Defendant to offer to pay for a new attorney for Bagdasaryan, this argument is not evidence that the offer was not made. The government relies on evidence supporting its position that the offer was made. Bagdasaryan and Grigor's statements are consistent with one another and are corroborated by phone records. Bagdasaryan informed investigating agents "[Grigor] told [him] he was aware that [he] still needed to testify and told [him] to say [Defendant] lived with him when he testified." Bagdasaryan further said "Grigor] told [him] that he needed to get a new attorney and that [Defendant] would pay for it." Memo. of Interview, Exhibit 1 at 3, ECF No. 212-1. Grigor states in the factual basis for his plea agreement, which he signed, that he "made these attempts to influence [Bagdasaryan]'s testimony upon the request of [Defendant]," and that "[Defendant] told [him] to make this offer [of paying for an attorney] to [Bagdasaryan] in order to influence [Bagdasaryan]'s testimony." Factual Basis for Plea, Exhibit 3 at A-2:7-11, ECF No. 212-1.

        The United States has shown, by a preponderance of the evidence, that Defendant told Grigor to contact Bagdasaryan for the express purpose of influencing his grand jury testimony. That Defendant acted through a third party is no defense, as USSG § 3C1.1 applies to "unlawfully influencing a . . . witness . . . indirectly, or attempting to do so." USSG § 3C1.1 App. N. 4(A); see also Jackson, 974 F.2d at 106.

        Therefore, the objection is sustained. The PSR calculates the total offense level to be 14. PSR ¶ 30. The PSR

further determines that Defendant is in criminal history category I, PSR ¶ 39, and the advisory guideline imprisonment range to be 15-21 months.  Sustaining the United States' objection to the PSR and applying USSG § 3C1.1's two offense level increase changes Defendant's total offense level to 16 and his guideline imprisonment range to 21-27 months.

A copy of this order shall be appended "to any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C).

Dated:  April 27, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge