UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VANIK MOVSESYAN,<br><br>　　　　　Defendant. | No. 2:15-cr-236-GEB<br><br>**ORDER DENYING BAIL PENDING APPEAL** |

　　　　Defendant Vanik Movsesyan ("Defendant") seeks bail pending appeal under Fed. R. Crim. P. 46(c) and 18 U.S.C. § 3143(b), arguing his appeal presents a substantial question of law: Whether the district judge erred when he failed to find that the United States of America ("the Government") breached its plea agreement with him when it failed to recommend a prison sentence at the bottom of the advisory guideline range as estimated by the parties. Bail Mot., ECF No. 229. The Government opposes the motion. Opp'n, ECF No. 241. Defendant filed a reply to the Government's opposition. Reply, ECF No. 247. Since that reply contained additional arguments not clearly raised in the original motion, the Government was allowed a sur-reply, ECF No. 248, which the

1

Government filed, Sur-Reply, ECF No. 251.

To be entitled to bail pending appeal, Defendant must show that he is unlikely "to flee or pose a danger to . . . the community," that his appeal is "not for the purpose of delay" and that it "raises a substantial question of law or fact likely to result in" reversal, an order for a new trial, or other prescribed relief. 18 U.S.C. § 3143(b). The Government argues the motion should be denied because it is for purpose of delay and fails to raise a substantial question of law or fact likely to result in reversal. Opp'n at 3:24-4:1. Decision on the latter issue obviates the need to address the other issues.

"[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful,'" United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted); "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous," id. (citing United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). "[T]he phrase 'likely to result in reversal' defines the type of question that must be presented." Id. at 1281. This is a question which, if "determined favorably to defendant on appeal, . . . is likely to result in reversal." Id. at 1283. Defendant need not show at the outset "that the appeal will probably result in reversal." Id. at 1280.

Defendant argues:

> In the plea agreement the parties estimated the applicable guideline would be 2L2.2(a) with a base level 8. This is the guideline used in [a] co-defendant[s] . . . sentencing.
>
> Probation concluded it erred in applying 2L2.2(a) in [that] case and that the proper

2

> guideline is in fact 2J2.1(a) and 1B1.5(d) which results in a base level offense of 14.
>
> . . . .
>
> The parties entered into the plea agreement in good faith and agreed the applicable guideline would be 2L2.2(a). A co-defendant pled guilty to the same crime and was sentenced under 2L2.2(a) months before [Defendant] entered into his plea agreement. The government now seeks to engage in a semantic battle and argue they are not bound by their good faith estimate and instead can argue for a sentence substantially longer than the 0-6 months all parties anticipated.

Bail Mot. 4:3-20. Defendant broadened his argument in his reply to include the notion that the Government may have breached its obligations even if, strictly speaking, it complied with the letter of its agreement. Specifically, Defendant argues:

> The Government may not superficially abide by its promises in the plea agreement while also making statements that serve no practical purpose but to advocate for a higher sentence than envisioned in the plea agreement. The Government argues in its memorandum that Movsesyan's attempts to deceive the USCIS were serious and serial, that he has a history of engaging in deceptive and fraudulent conduct, and that his conduct persisted throughout his contact with government officials.
>
> . . . .
>
> The Government [also] improperly argued for a two (2) level increase and cited specific conduct by Movsesyan that it claims supports such a sentence.

Reply 3:12-27 (internal citation omitted).

Defendant's arguments lack merit, and can all be traced to a fundamental misapprehension of the plea agreement. The plea agreement contains a section specifically titled "Estimations Affecting Guideline Calculation," Plea Agreement 7:13, ECF No. 110

(emphasis added), in which the agreement recites: "The government and the defendant agree that the following <u>is their present best estimate</u> of the sentencing guidelines variables. <u>These estimates shall not be binding on the Court, the Probation Office, or the parties.</u>" Id. at 7:14-16 (emphasis added). The plea agreement also states, "[t]he government is obligated to recommend a sentence <u>at the low end of the applicable guidelines range as determined by the Court.</u>" Id. at 9:4-5 (emphasis added). The advisory guideline estimation the parties state in the plea agreement includes the incorrect base offense level of eight from U.S.S.G. § 2L2.2(a), but also explicitly included a two-level increase for obstruction. See id. at 7:17-24. The plea agreement includes a waiver of appeal, stating: "The defendant agrees as part of his plea . . . to give up the right to appeal the guilty plea, conviction, <u>and the sentence imposed</u> in this case <u>as long as the sentence does not exceed the statutory maximum</u> for the offense to which he is pleading guilty." Id. at 8:15-17 (emphasis added).

It is difficult to conceive of clearer language. Here, the Government fulfilled all its obligations under the plea agreement by arguing for a sentence at the bottom of the advisory guideline range determined by the court. Nor has Defendant shown that the Government breached the plea agreement by arguing in support of a two-level enhancement for obstruction, which was explicitly contemplated in the plea agreement.

Defendant's disregard of clear and explicit language in the plea agreement does not constitute "a 'substantial question.'" of law or fact likely to result in" reversal. Handy, 761 F.2d at 1283. Instead, this referenced appeal is based on the challenged

4

portions of the plea agreement, including the waiver of appeal therein, and appears frivolous.

Since Defendant's appeal does not present a substantial question of law or fact, Defendant's bail motion is denied and the June 15, 2018 hearing on the motion is vacated.

Dated: June 13, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge